KNICKERBOCKER DIALYSIS, INC., Plaintiff,

v.

TRUEBLUE, INC., previously known as Labor Ready, Inc., and First Health Group Corp., Defendants.

TrueBlue, Inc., Third–Party Plaintiff,

v.

R.E. Moulton, Inc., a Massachusetts Corporation, American United Life Insurance Company, Inc., an Indiana Corporation, Third–Party Defendants.

No. 08–CV–329 (ADS)(WDW).

United States District Court, E.D. New York.

March 5, 2009.

Clark Law Offices, by Robert B. Clark, Esq., of Counsel, Trumbull, CT, for Plaintiff.

Donald W. Heyrich, Esq., Seattle, WA, for Defendant and Third–Party Plaintiff TrueBlue, Inc.

Fox, Rothschild, by John A. Wait, Esq., of Counsel, New York, NY, for Defendant First Health Group Corp.

Edwards Angell Palmer & Dodge LLP, by E. Paul Kanefsky, Esq., Marc S. Voses, Esq., of Counsel, New York, NY, for Third–Party Defendants R.E. Moulton, Inc. and American United Life Insurance Company, Inc.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by R.E. Moulton, Inc. ("REM") and American United Life Insurance Company, Inc. ("AUL") (collectively "the Third–Party Defendants"), to stay or dismiss a third-party action instituted by TrueBlue, Inc. ("True-Blue") in favor of arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. 3. For the reasons that follow, the Third–Party Defendants' motion is granted.

## I. BACKGROUND

### A. The Underlying Action

Although a more thorough discussion of the underlying facts of this case is set forth in the Court's October 11, 2008 Order, a brief review is necessary. TrueBlue retained First Health Group Corp. ("First Health") to serve as the third-party administrator of TrueBlue's employee group health plan ("the Plan"). In May of 2005, First Health entered into a Single Patient Agreement ("the SPA") with DaVita, a corporation that provides billing services to various dialysis centers throughout the country. The agreement established the payment rate for dialysis services that the Plaintiff, Knickerbocker Dialysis, Inc. ("Knickerbocker"), provided to one of the Plan's beneficiaries.

Pursuant to the agreement, this patient was to receive dialysis services at a discounted rate provided that the claim was paid within a specified time. The agreement further provided that if the claim was not paid within the specified time, payments were to be paid at Knickerbocker's full customary rate. From September of 2004 through July of 2006, Knickerbocker provided dialysis services to the patient and TrueBlue was billed for those services through its agent First Health. However, on January 23, 2008, Knickerbocker filed suit against TrueBlue and First Health alleging that both parties had breached the SPA by failing to make payments for dialysis services totaling $486,189.28.

### B. TrueBlue's Third–Party Claim

On August 1, 2005, TrueBlue and AUL entered into an insurance policy ("the Policy") that provided coverage for benefits paid under the Plan. Although REM was not a signatory to the Policy, it was retained by its affiliate, AUL, to act as its designated representative in performing AUL's obligations under the Policy. Ac-

cordingly, REM administered the claims at issue in the underlying action on AUL's behalf. Under this arrangement, when DaVita billed First Health for dialysis services, First Health referred the charges to REM for review. Upon reviewing the charges, REM would recommend the appropriate payment for the claim at issue.

In November of 2008, TrueBlue commenced a third-party action against AUL and REM seeking contribution in the event that TrueBlue is found liable to Knickerbocker in the underlying action. In January of 2009, AUL and REM filed the instant motion to stay or, in the alternative, dismiss the third-party action in light of the comprehensive arbitration clause contained in the Policy.

## II. DISCUSSION

■ The FAA provides, in pertinent part, that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2. It is well-established that the FAA creates a strong federal policy in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see Arciniaga v. General Motors Corp.*, 460 F.3d 231, 234 (2d Cir.2006) (noting that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied."). Indeed, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. 927; *see United Steelworkers of Am. v. Warrior & Gulf*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) (finding that courts must submit matters to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.").

Here, the arbitration clause at issue provides, in relevant part, that "[a]ny controversy or claim arising out of or relating to this Policy, or the breach thereof, shall be settled by Arbitration in accordance with the rules of the American Arbitration Association." It is beyond contention that this exceedingly broad arbitration clause encompasses TrueBlue's third-party claim. The essence of the underlying action is that TrueBlue owes Knickerbocker payment for dialysis services provided to a TrueBlue Plan participant. By its third-party complaint, TrueBlue seeks contribution from AUL and REM for this alleged debt. Given that TrueBlue's relationship to AUL and REM is governed by the Policy, it is clear that TrueBlue's third-party claim for contribution arises out of or relates to the Policy.

■ Nevertheless, TrueBlue contends that submitting its third-party claim to arbitration is inappropriate because AUL and REM are necessary parties to the litigation between TrueBlue and Knickerbocker. In this regard, TrueBlue is concerned that honoring the arbitration provision would lead to piecemeal proceedings. Although the Court understands TrueBlue's concern that this matter will now unfold in separate forums, this is not a sufficient reason to ignore a clear and binding arbitration provision. *See Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir.1995) (quoting *Moses H. Cone*, 460 U.S. at 20, 103 S.Ct. 927) (observing that the "Supreme Court has categorically stated that the FAA requires courts to enforce an arbitration agreement 'notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.' ");

*Aerotel, Ltd. v. RSL Commc'n, Ltd.,* 99 F.Supp.2d 368, 374 (S.D.N.Y.2000) (noting that "piecemeal resolution, although unfortunate, is unavoidable and necessary to give effect to a valid arbitration agreement.").

In light of the fact that TrueBlue's lone third-party claim is subject to arbitration, no useful purpose would be served by granting a stay and thus TrueBlue's third-party complaint against AUL and REM is dismissed in favor of arbitration. *See Perry v. New York Law School,* 2004 WL 1698622, at *4 (S.D.N.Y. Jul. 28, 2004) (holding that courts may dismiss rather than stay an action where the only remaining claims were all subject to arbitration); *Aerotel,* 99 F.Supp.2d at 374 (same).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Third–Party Defendants' motion to dismiss TrueBlue's third-party complaint in favor of arbitration is **GRANTED,** and it is further

**ORDERED,** that the caption is amended as follows:

KNICKERBOCKER DIALYSIS, INC., Plaintiff,

-against-

TRUEBLUE, INC., previously known as LABOR READY, INC., and FIRST HEALTH GROUP CORP., Defendants.

**SO ORDERED.**